IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ME2 PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ABEL SOTO, VICTOR RAYA, RYAN CONAWAY, BEN L YUENYOUNG, STACEY LIDDIARD, ROBERT ZAMPEDRI, DARIN & NICOLE CROPPER, PAUL TURNER, MARIO SANCHEZ, REBECCA LIRA, MARIA CARDENAS, and MARTHA LUMBRERAS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**<br><br>Case No. 2:17-cv-00168-DN<br><br>District Judge David Nuffer |

Plaintiff ME2 Productions Inc. ("ME2") has filed two motions for summary judgment (the "MSJs"). One is against Stacey Liddiard, a pro se defendant.[1] The other is against Abel Soto, also a pro se defendant.[2] Except for the parties' names, the MSJs are essentially identical in all respects. Although no response has been filed to either of the MSJs, ME2 has failed to show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law against Liddiard or Soto. As a result, the MSJs are DENIED.

---

[1] Motion for Summary Judgment Pursuant to FRCP 56 as to Defendant Stacey Liddiard Using IP 73.52.157.147 ("Liddiard MSJ"), docket no. 82, filed April 17, 2019.

[2] Motion for Summary Judgment Pursuant to FRCP 56 as to Defendant Abel Soto Using IP 73.131.201.192 ("Soto MSJ"), docket no. 83, filed April 17, 2019.

elm

## BACKGROUND

ME2 commenced this action to enforce a copyright in a movie entitled *Mechanic: Resurrection* (the "Movie").[3] According to ME2, Liddiard and Soto have infringed ME2's copyright in the Movie through a communication protocol for peer-to-peer file sharing called BitTorrent, which is used to distribute electronic data and files over the internet.[4]

In an effort to establish its claims, ME2 prepared a set of written discovery requests addressed to Liddiard and an identical set of written discovery requests addressed to Soto.[5] Each set of discovery requests includes 11 requests for admission.[6] Among other things, the requests for admission ask Liddiard and Soto to admit that they "have intentionally not sought to control access to or monitor use of" their internet service, and that they have viewed the Movie at home on an electronic device through their internet service.[7] Although the MSJs state that both sets of discovery requests were served on January 15, 2019,[8] ME2 has not provided any evidence to support this assertion or to indicate how or where they were served.

There is no evidence that the parties have ever conferred (or even attempted to confer) as required under Fed. R. Civ. P. 26(f). There is also no evidence that the parties have stipulated or ever obtained permission to engage in discovery before conferring under Rule 26(f).

---

[3] Amended Complaint for Copyright Infringement and Jury Demand ¶¶ 1, 3, 9, docket no. 84, filed June 17, 2019.

[4] *See id.* ¶¶ 4, 15-19.

[5] *See* ME2 Productions Inc.'s First Set of Discovery Requests to Defendant Stacey Liddiard ("Liddiard Requests"), docket no. 82-1, dated January 15, 2019; ME2 Productions Inc.'s First Set of Discovery Requests to Defendant Abel Soto ("Soto Requests"), docket no. 83-1, dated January 15, 2019.

[6] *See* Liddiard Requests, *supra* note 5, at 11-13; Soto Requests, *supra* note 5, at 11-13.

[7] *See* Liddiard Requests, *supra* note 5, at 11-13; Soto Requests, *supra* note 5, at 11-13.

[8] *See* Liddiard MSJ, *supra* note 1, at 2 ¶ 1; Soto MSJ, *supra* note 2, at 2 ¶ 1.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] In ruling on a motion for summary judgment, the evidence and all reasonable inferences are viewed in the light most favorable to the nonmoving party.[10]

To establish the nonexistence of a genuine dispute as to any material fact, ME2 relies solely on Liddiard's and Soto's failure to respond to ME's requests for admission within 30 days after being served. According to Fed. R. Civ. P. 36(a)(3), unless a party to whom a request for admission is directed serves a written answer or objection within 30 days of being served, the "matter is admitted." However, because there is no evidence to establish that ME2's requests for admission were ever served on Liddiard or Soto, ME2 cannot show that Liddiard and Soto failed to respond "within 30 days after being served" with the requests.[11]

Even if ME2 could show that Liddiard and Soto did not respond to the requests for admission within 30 days after being served, any failure to timely respond to these requests would be of no consequence. According to Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." This case is not exempt from initial disclosure under Rule 26(a)(1)(B), there is no evidence that the parties have conferred (or attempted to

---

[9] FED. R. CIV. P. 56(a).

[10] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[11] FED. R. CIV. P. 36(a)(3).

confer) under Rule 26(f), and there is also no evidence of any stipulation or court order[12] allowing discovery before the Rule 26(f) conference. As a result, ME2's requests for admission are improper and without effect under Rule 26(d)(1).

Because ME2 has failed to show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law against Liddiard and Soto, the MSJs must be denied.

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that the MSJs are DENIED.[13]

Signed July 8, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[12] Although an order was previously entered allowing "expedited discovery," that was only for the purpose of allowing ME2 "to pursue discovery of . . . identified Service Providers and other Internet Service Providers working with the identified Service Providers[] to obtain identifying and contact information for the Doe Defendants." Order, docket no. 8, filed March 17, 2017.

[13] Docket no. 82, filed April 17, 2019; docket no. 83, filed April 17, 2019.